Matter·of the Petition of the AMERICAN FIDELITY COM-
PANY to Examine WILLIAM F. WHITE.

(County Court, Erie County, May, 1907.)

Principal and agent — Rights 'and liabilities of principal as to third
persons — Unauthorized and tortious acts of agent —Apparent au-
thority in general — General agent of surety company.
Subrogation — Rights of sureties in general — Surety on excise bond —
Under agreement to indemnify principal.

    It is within the scope of the apparent authority of a general
agent of a surety company to agree, in consideration of the pay-
ment of an increased premium by the applicant for an excise bond,
that the applicant shall not be liable for any amount the com-
·pany may be chargeable with or may pay for or on account of
such bond and that the company shall pay the applicant any
amount he may be compelled to pay on account of the bond.

    Under such an agreement the company is not entitled to be
subrogated to the rights of the plaintiff under a judgment recov-
ered against the parties to the bond upon payment of the amount
of such judgment nor to maintain supplementary proceedings
under it against the principal.

MOTION by judgment debtor to set aside order in supple-
mentary proceedings.

Frank H. Tewodette (Charles Newton, of counsel), for
judgment creditor.

Joseph P. Schalteur (James Harmon, of counsel), for
judgment debtor.

TAYLOR, J. This is a proceeding supplementary to
execution. The judgment creditor is a corporation having
its main offices in Montpelier, Vt. It established àn
agency in the city of Buffalo and solicited business as a
surety on excise bonds through general agents to whom it
delegated large authority. These agents issued excise
surety bonds of the company to applicants for a premium of
fifteen dollars per year. This judgment debtor paid a

premium of twenty dollars to said agents for such a bond pursuant to an understanding — as he claims — with said general agents that as consideration for the increased premium he should be entirely absolved by the bonding company from all financial responsibility under the bond. Pursuant to this preliminary understanding the applicant received from said agents a receipt of the company for said premium paid, on which was indorsed the following: " It is expressly understood and agreed, that if the bond applied for is issued by the American Fidelity Company, the applicant is not to be liable for any amount the said company may become chargeable with, or may pay for or on account of such bond, and that the American Fidelity Company shall pay to the applicant any amount the applicant may be compelled to pay for or on account of the bond."

The applicant began operations under his license and finally a judgment was obtained by the State commissioner of excise against the applicant for violations of the excise law in an action against him and the surety company. The company paid the judgment, obtained an assignment thereof to itself and brought this supplementary proceeding as owner of the judgment. The surety company claims to be subrogated to the rights of the plaintiff and claims also as assignee of the judgment. These claims might be valid were it not for the above supplemental agreement. I feel that the company's claim that the agents went beyond the scope of their authority in making the supplemental agreement, considering all the surrounding circumstances, is not tenable; nor should the company be allowed to escape by asserting that the agreement in question is against public policy. These chosen representatives of the company solicited business, received applications, issued bonds and received premiums therefor. This conceded authority was so great that I cannot hold the act of making this supplemental agreement to be outside the scope thereof sufficiently to deprive the judgment debtor of a benefit to obtain which he was induced to pay an additional fee. This company selected its own agents, called them " general agents " and gave them authority which to those dealing with them may well have seemed

complete. If the agents have gone so far in their zeal to do business for their principal that some one must suffer loss, that principal, and not its patron, must bear the loss.

As to "public policy," I believe that no corporation or person should be allowed to escape performance of a contract by resorting to this cry unless the public welfare is clearly involved. And in the proceeding at bar the equities of the situation are not of large assistance to the judgment creditor.

The motion of the judgment debtor is granted, with ten dollars costs, and an order may be entered vacating and setting aside the order in supplementary proceedings heretofore granted and setting aside all proceedings thereunder.

*Motion granted, with ten dollars costs.*